### Conrad Schwartz v. M. Roberts.

Decided May 18, 1907.

**General Denial—Evidence—Breach of Contract.**
    A general denial puts in issue all of the material facts alleged in the petition, and is sufficient to admit any evidence tending to contradict testimony in support of such allegations. In a suit for breach of contract testimony of defendant considered, and held admissible under a general denial.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*W. G. Love* and *R. J. Channell,* for appellant.

*Brockman & Kahn* and *S. E. Tracy,* for appellee.

PLEASANTS, Associate Justice.—This suit was brought by appellee against appellant to recover damages for the alleged breach of a contract for the sale and delivery of a buggy. The trial in the court below resulted in a verdict and judgment in favor of plaintiff for the sum of $87, the purchase price of the buggy, with interest thereon from the date of the payment of said sum by appellee to appellant.

The main issue in the cause was whether appellant sold appellee the buggy exhibited to her at the time the contract of sale was made, or only agreed to sell and deliver her a buggy of the same kind and make as the one exhibited to and examined by her at the time such contract of sale was made.

Upon this issue appellee testified that she purchased the specific buggy exhibited to her by appellant and expressly contracted with appellant that this buggy should be shipped to her. In contradiction of this testimony appellant offered to show by his own testimony "That he did not sell the plaintiff the identical buggy which she had selected, but merely used the same as a sample of the kind of buggy which he was selling, and explained to her that buggies of that make and style were duplicates of each other and all alike, and that the custom was to sell by sample and fill the orders from stock; but that if she preferred having the buggy set up ready for use, he would either let her have the buggy shown her, which was

already set up, or would set one up from stock. That where customers wanted buggies in a hurry, the practice was to let them have the buggy already set up and afterwards set up another one from the stock to take the place of same. That the plaintiff did not express a preference one way or the other as to whether she wanted the one already set up or one like it from the stock. And that the witness did not ship her the buggy set up for two reasons: First, because it would have been necessary to take the buggy down and crate it, and set· up another one in its place, when he could ship one already crated which was an exact duplicate of the same; and second, because after the sale had been made his attention had been called to a defect in the sample buggy, and he did not want to send out a buggy with a defect in it." This testimony was rejected by the court on the objection of appellee that it was "irrelevant and immaterial, and because there was no pleading which authorized its admission."

Appellee alleged in her petition that appellant had breached his contract by failing to ship her the identical buggy which was exhibited to her at the time the contract of sale was made and which was sold her by appellant.

The general denial contained in the answer of appellant put in issue all of the material facts alleged in the petition, and was sufficient to admit any evidence tending to contradict the testimony of appellee in support of the allegations of her petition. The rejected testimony was material upon one of the vital issues in the case, and as before stated, was admissible under the general denial.

The error of the trial court in sustaining appellee's objection to this testimony requires a reversal of the judgment, and it has therefore been ordered that the judgment of the court below be reversed and the cause remanded.

*Reversed and remanded.*